Concurring Opinion by
McDonald, J.,
which Watts, J., joins.
I concur in the very thorough Majority opinion. I write simply to emphasize the significance of the requirement in Maryland Rule 4-332(d)(9) that a petitioner like Mr. Ebb must affirmatively assert that he is actually innocent of the crimes for which he was convicted before a circuit court would be required to hold a hearing on a petition. This might be considered a fine point, but it goes to the heart of the statute that allows for a writ of actual innocence—Maryland Code, Criminal Procedure Article (“CP”), § 8-301.
In his petition, Mr. Ebb did not assert, as required by Rule 4—332(d)(9), that “the conviction sought to be vacated is based on an offense that [Mr. Ebb] did not commit.” This is not mere boilerplate. As this Court recently stated, “[o]nly defendants who can allege that they are ‘actually innocent,’ meaning they did not commit the crimes for which, they are convicted, may bring a petition for relief under [the writ of actual innocence *662 statute].” Smallwood v. State, 451 Md. 290, 320, 152 A.3d 776 (2017).
It is true that a petitioner might be found to be in “substantial compliance” with this requirement where the record establishes that the petitioner has previously asserted actual innocence under oath, particularly when the State has never objected to the failure to repeat that assertion in the petition. See McGhie v. State, 449 Md. 494, 509 n.6, 144 A.3d 752 (2016). It is also true that the rule was drafted in recognition that many such petitions would be filed by pro se petitioners and therefore provides that amendments should be “freely allowed in order to do substantial justice.” Rule 4-332(h).
But here there is no indication, at least in the materials available to us, that Mr. Ebb has ever asserted under oath (or otherwise) that he was actually innocent of the offenses for which he was convicted. Nor has Mr. Ebb apparently ever sought to amend his petition to that effect. And the State has certainly raised the issue of compliance with Rule 4-332.
The closest that Mr. Ebb has come is his assertion, in his brief to the Court of Special Appeals, that he “has maintained his innocence as being wrongfully convicted.”[1] That is not an assertion of actual innocence. In our system of criminal justice, even one who has actually committed a criminal offense may legitimately maintain that he was wrongfully convicted. A criminal defendant has the right to put the State’s evidence to the test and, if that evidence was obtained in violation of the Constitution or if there is some other serious defect with the prosecution, may quite correctly assert that he was “wrongfully convicted” and obtain reversal of a conviction. But that is a far cry from actual innocence.
In his brief, Mr. Ebb argues that his “newly discovered evidence”—actually, an alleged recantation of inculpatory trial testimony by a prosecution witness—would lighten the weight *663 of the evidence against him such that it would no longer satisfy the standard of “beyond a reasonable doubt.” That may be an assertion that he was wrongfully convicted, but it is not an assertion that he is actually innocent.
As this Court’s detailed analysis of the legislative history of CP § 8-301 in Smallwood demonstrated, the statute was designed to provide relief to a “narrow subset” of convicted defendants who are actually innocent of the offense for which they had been convicted, but have no other means of litigating the claim of innocence. See Smallwood, 451 Md. at 316-20, 152 A.3d 776. It is not an open-ended, deadline-free vehicle for raising any alleged defect that can framed as “newly discovered evidence” relevant to a conviction that has already been affirmed on direct appeal.[2]
Judge Watts has advised that she joins this opinion.

. Mr. Ebb does not repeat that assertion in his brief to us, other than to quote the statement in his brief in the Court of Special Appeals and to argue that it satisfied Rule 4—332(d)(9).

. I note that the Court of Special Appeals did not have the benefit of this Court’s decisions in Smallwood or McGhie when it issued its unreported opinion in this case.